```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
   NEW YORK BAY CAPITAL, LLC,                                  :
                                                               :
                               Plaintiff,                      :      1:19-cv-3618-GHW
                                                               :
              -against-                                        :      ORDER TO SHOW
                                                               :          CAUSE
   COBALT HOLDINGS, INC.,                                      :
                                                               :
                               Defendant.                      :
                                                               :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2019

GREGORY H. WOODS, District Judge:

Plaintiff commenced this action on April 23, 2019 against the above-captioned defendant. As the basis for this Court's subject matter jurisdiction, Plaintiff invokes 28 U.S.C. § 1332, asserting that the parties are diverse and the amount in controversy is over $75,000. Complaint (Dkt. No. 1) ("Compl.") ¶ 9. To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). Plaintiff, as the party invoking diversity jurisdiction, "must allege in his pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it."). Despite invoking § 1332 as the basis for the Court to exercise subject matter jurisdiction, the Court observes that—according to the allegations presented in the Complaint—Plaintiff is a limited liability company organized and existing under the laws of the state of Delaware and Defendant is a corporation organized and existing under the same. *See* Compl. ¶¶ 7,8. The Complaint is devoid of any further allegations regarding Plaintiff's citizenship.

New York Bay Capital, LLC is a limited liability company.  Compl. ¶ 7.  When determining a party's citizenship for diversity purposes, a limited liability company "takes the citizenship of each of its members."  *Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).  Plaintiff fails to properly allege the citizenship of the members of New York Bay Capital, LLC.  Therefore, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*."  *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE by April 30, 2019 as to why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff may wish to consider proceeding in a state, rather than federal, court, as such courts are equally capable of adjudicating the types of issues involved in this case.

SO ORDERED.

Dated:  April 25, 2019  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge