

| | | |
|---|---|---|
| NEW YORK | **Duane Morris®** | SHANGHAI |
| LONDON | | ATLANTA |
| SINGAPORE | | BALTIMORE |
| PHILADELPHIA | FIRM and AFFILIATE OFFICES | WILMINGTON |
| CHICAGO | | MIAMI |
| WASHINGTON, DC | | BOCA RATON |
| SAN FRANCISCO | EVANGELOS MICHAILIDIS | PITTSBURGH |
| SILICON VALLEY | DIRECT DIAL: +1 212 471 1864 | NEWARK |
| SAN DIEGO | PERSONAL FAX: +1 212 214 0650 | LAS VEGAS |
| LOS ANGELES | E-MAIL: EMichailidis@duanemorris.com | CHERRY HILL |
| TAIWAN | | LAKE TAHOE |
| BOSTON | www.duanemorris.com | MYANMAR |
| HOUSTON | | OMAN |
| AUSTIN | | *A GCC REPRESENTATIVE OFFICE* |
| HANOI | | *OF DUANE MORRIS* |
| HO CHI MINH CITY | | |
| | | ALLIANCES IN MEXICO |
| | | AND SRI LANKA |

April 29, 2019

**VIA ECF**

The Honorable Gregory H. Woods
Senior United States District Judge
United States District Court - Southern
District of New York
500 Pearl Street
New York, NY  10007-1312

      Re:    <u>New York Bay Capital, LLC v. Cobalt Holdings, Inc. (19-cv-3618)(GHW)</u>

Dear Judge Woods:

      We represent Plaintiff New York Bay Capital, LLC ("<u>NYBAY</u>") in the above captioned matter and we submit this letter in response to this Court's Order to Show Cause, dated April 25, 2019 (ECF no.7), as to why this Court should not dismiss the action for lack of subject matter jurisdiction. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the underlying members of NYBAY are each diverse from Defendant Cobalt Holdings, Inc. ("<u>Cobalt</u>") and the amount in controversy is in excess of $75,000.

      A limited liability company "takes the citizenship of each of its members."*Bayerische Landesbank v. Aladdin Capital Management LLC*, 692 F.3d 42, 49 (2d Cir. 2012). To determine an individual's citizenship for diversity jurisdiction purposes, the Court must look to the party's domicile. *Sanial v. Bossoreale*, 279 F.Supp 940, 943 (S.D.N.Y. 1967). NYBAY 's members and their respective domiciles are as follows:

DuaneMorris

The Honorable Gregory H. Woods
April 29, 2019
Page 2

| Member | Domicile | State Citizenship |
|---|---|---|
| Julio Marquez | 305 East 86th Apt 19P<br>New York, NY. 10028 | New York |
| Vanessa Ruiz | 5 de Mayo Sur 29. Col. Centro<br>Zitacuaro, Mexico. 61500 | Mexico |
| José Luis Terreros | Diagonal 39 Oriente, No.3905<br>Puebla, Mexico | Mexico |
| Tatiana Dawidowitsch | Avenuda Epitacio Pessoa 1254, # 501<br>Rio de Janiero, Brazil 22410-090 | Brazil |
| Clyte Nayigiziki | 101 Great Salt Lake Road<br>Laredo, TX 78041 | Texas |

     When a party is a traditional corporation, 28 U.S.C. § 1332(c) governs the diversity jurisdiction analysis. Section 1332(c) provides that "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business." Cobalt is a business corporation organized and existing under the laws of the State of Delaware with a principal place of business at 101 Waukegan Rd., Suite 650, Lake Bluff, Illinois 60044.

     Therefore, none of the members of NYBAY shares the same domicile as Cobalt. In addition, as alleged in the Complaint, NYBAY alleges damages of approximately $3.96 million, well in excess of the $75,000 requirement for diversity jurisdiction.

     We hope that the Court is satisfied that it has subject matter jurisdiction over this matter. If the Court requires any additional information in order to conclude its analysis, please let us know.

DuaneMorris

DuaneMorris

The Honorable Gregory H. Woods
April 29, 2019
Page 3

      We appreciate the Court's consideration of this matter.

                                    Respectfully submitted,

                                    *s/Evangelos Michailidis*

                                    Evangelos Michailidis

Cc:    Joseph J. Ceccarelli, Esq. (by email)