USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MEMORANDUM ENDORSED**

NEW YORK BAY CAPITAL, LLC,

        Plaintiff,

v.

COBALT HOLDINGS, INC.,

        Defendant.

Case No. 19-cv-03618 (GHW)

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

GREGORY H. WOODS, District Judge:

    WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

    WHEREAS, the Parties, through counsel, agree to the following terms; and

    WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

    IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action, including, but not limited to, any document[1], trial testimony, deposition testimony, and any summaries and compilations derived therefrom) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder:

2. Any Party to this action (each, a "Designating Party") may designate as Confidential any Discovery Material disclosed by the Parties or any third-parties to this action so long as the Confidentiality belongs to the Designating Person, and only if the Designating Person reasonably and in good faith believes the Discovery Material consists of:

    (a) previously non-disclosed information that is considered potentially prejudicial to the business or operations of such party, including, for example, information that the disclosing party reasonably believes could cause significant competitive harm if disclosed to an unauthorized person;

    (b) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (c) previously non-disclosed material relating to ownership or control of

---

[1] For purposes of this Protective Order, the term "document" is used in the broadest possible sense and includes, without limitation, all original and copies, duplicates, drafts, and recording of any written, graphic or otherwise recorded or tangible matter, however produced or reproduced, and all "writings" and "records" as defined in Federal Rules of Evidence 1001(a) of any nature, whether on paper or other storage means, including film, computer memory devices, and electronic mail (e-mail).

any non-public company;

(d) previously non-disclosed business plans, product-development information, or marketing plans;

(e) any information of a personal or intimate nature regarding any individual; or

(f) any other category of information given confidential status by this Court after the date of this Order.

3. With respect to Confidential Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such Discovery Material or portions thereof as "Confidential" when a copy of the document or thing is provided to the receiving party by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. The Designating Party should promptly make each other Party aware of its designation of the Discovery Material as Confidential Discovery Material, and the Designating Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

4. A Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the

designated transcript in their possession or under their control as directed by the Designating Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5. If at any time before the termination of this action a Designating Party realizes that it should have designated as Confidential Discovery Material or some portion(s) thereof that it previously produced or received without limitation, the Designating Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such Discovery Material or designated portion(s) thereof as Confidential. In addition, the Designating Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. Nor shall anything in this Order be intended to constitute an agreement regarding the scope of discovery.

7. Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert, consultant or outside litigation support personnel who is expressly engaged to assist counsel, or otherwise provide specialized advice to counsel in connection with this action, together with the members of his/her clerical and/or secretarial staff to the extent reasonably necessary to assist him/her, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) any court reporter or videographer who presents in her or her official capacity at any hearing, deposition, or other proceeding in this action;

(i) this Court, including any appellate court, its support personnel, and court reporters; and

(j) any other persons, upon such terms and conditions as the Parties may agree or as the Court may direct by Order

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(f), 7(g), or 7(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. With respect to all Confidential Discovery Material which is subject to the terms of this Protective Order, counsel shall take reasonable and appropriate steps for its security and limit access only to those persons listed in Paragraph 7 of this Protective Order to whom it is necessary to disclose Confidential Discovery Material for purposes of assisting in the preparation and trial of this action.

10. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

11. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose, quote, attach, or substantially

paraphrase such Confidential Discovery Material ("Confidential Court Submission"), the disclosing Party shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the disclosing Party shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Party shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

12. A Party is not obligated to challenge the propriety of a designation of Confidential Discovery Material at the time made, and failure to do so shall not preclude a subsequent challenge thereto.

13. Any Party who objects to or disagrees with any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection. If, despite the Parties' good faith efforts, the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices. Pending the ruling by the Court, the Discovery Material shall continue to be treated as Confidential Discovery Material.

14. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

15. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose, including for competitive purposes, or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16. Nothing in this Order will prevent any Party (the "Requested Party") from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction (the "Request"), provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Designating Party shall promptly: (i) advise the person issuing the Request that the Confidential Discovery Material being requested is subject to this Protective Order; and (ii) notify counsel for the Designating Party in writing of such Request within seventy-two (72) hours of receiving the Request and furnish them with copies of the Request and any other documents served in connection therewith. The Designating Party will bear the burden to oppose compliance with the Request if the Designating Party deems it appropriate to do so. If

the Designating Party has opposed compliance with the Request, or has expressed that it intends to oppose compliance with the Request, there shall be no disclosure of the Confidential Discovery Material by the Requested Party until the court or tribunal in which the motion is brought has ruled on the motion, and then only in accordance with the ruling so made.

17. The inadvertent failure to designate any Discovery Material as Confidential Discovery Material shall not be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality, either as to the specific information or the specific document disclosed or as to any other information thereto or on the same related subject matter. The Designating Party may, at any time, prior to ten (10) days following of the close of fact discovery in the action, designate as Confidential Discovery Material that is inadvertently failed to designate as Confidential Discovery Material. The Designating Party shall notify counsel of record for the other Party, in writing of its intention to designate the Discovery Material as Confidential Discovery Material, by identifying each Discovery Material by its unique description, inclusive of Bates Number references, and thereafter shall provide replacement images for the Discovery Material it inadvertently failed to designate as Confidential Discovery Material. The other Party shall make a reasonable good faith effort to ensure that any analysis, memoranda, notes or other materials that were generated upon such Confidential Discovery Material shall be promptly treated in conformity with any such designation.

18. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Within sixty (60) days of the final disposition of this action—including

all appeals— all recipients of Confidential Discovery Material must either return it—including all copies thereof— to the Designating Party, or, upon permission of the Designating Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Designating Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. The Parties, and their counsel, are not permitted to retain Confidential Discovery Material produced or disclosed in response to a request for production of documents, which Confidential Discovery Material must be returned to the Designating Party or destroyed in accordance with the procedure identified elsewhere in this paragraph. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

20. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

21. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____  
**BECKER & POLIAKOFF LLP**  
James Mahon  
Vincenzo Mogavero  
Sarah Klein  
45 Broadway, 17th Floor  
New York, NY 10006  
Tel: (212)599-3322  
Facsimile: (212) 557-0295  
Email: JMahon@beckerlawyers.com;  
vmogavero@beckerlawyers.com;  
SKlein@beckerlawyers.com

_____  
**DUANE MORRIS LLP**  
Evan Michailidis  
1540 Broadway  
New York, New York 10036-4086  
Tel: (212) 471-1864  
Email: emichailidis@duanemorris.com

_____  
**CECCARELLI LAW FIRM PLLC**  
Joseph J. Cecarelli  
48 Wall Street, 11th Floor  
New York, New York 1005-2903  
Tel. (212) 889-3675  
Email: jceccarelli@ceccarellilaw.com

Dated:

Dated: December 23, 2019

SO ORDERED.

Dated: January 14, 2020  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge