UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
New York Bay Capital, LLC,

                             Plaintiff,                     Case 1:19-cv-03618-GHW

      -vs-

Cobalt Holdings, Inc.,

                             Defendant.
------------------------------------------------------------------X

**PLAINTIFF NEW YORK BAY CAPITAL, LLC'S
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO
STAY DEFENDANT COBALT HOLDINGS, INC.'S FINRA ARBITRATION AND IN
OPPOSITION TO DEFENDANT'S CROSS MOTION TO STAY THE PENDING
ACTION AND COMPEL ARBITRATION BEFORE FINRA**

DUANE MORRIS LLP
1540 Broadway
New York, New York 10036
(212) 692-1000

Ceccarelli Law Firm PLLC
48 Wall Street
New York, New York 10005
(212) 889-3675

*Attorneys for Plaintiff New York Bay Capital, LLC*

*Table of Contents*

Page

PRELIMINARY STATEMENT ...............................................................................................................1

ARGUMENT ..............................................................................................................................................3

I. COBALT DOES NOT CHALLENGE THE CLEAR WORDING OF THE FORUM SELECTION CLAUSE WHICH REQUIRES THE PARTIES TO SUBMIT THEIR DISPUTES EXCLUSIVELY TO THIS COURT..................................3

II. COBALT DOES NOT AND CANNOT ADDRESS CONTROLLING PRECEDENT THAT THE FORUM SELECTION CLAUSE MAY EXTEND TO PARTIES THAT ARE "CLOSELY RELATED" TO THE DISPUTE AND CLAIMS THAT ARE "INEXTRICABLY LINKED" TO THOSE PENDING BEFORE THIS COURT..................................................................................................3

III. NEITHER IDENTICAL PARTIES NOR IDENTICAL CLAIMS ARE REQUIRED FOR THIS COURT TO STAY THE FINRA ARBITRATION ....................4

IV. COBALT WAS NOT A "CUSTOMER" OF MR. MARQUEZ WITHIN THE MEANING OF FINRA'S RULES BUT EVEN IF IT WERE, THE FORUM SELECTION CLAUSE STILL APPLIES............................................................6

V. FINRA RULES ARE INAPPLICABLE HERE IN ANY EVENT BECAUSE NYBAY DID NOT PROVIDE INVESTMENT BANKING SERVICES.........................7

VI. THERE IS NO LEGITIMATE BASIS FOR COBALT TO COMPEL NYBAY TO ARBITRATE ITS CLAIMS AGAINST NYBAY .......................................................8

CONCLUSION.............................................................................................................................................8

## *Table of Authorities*

**Federal Cases**

*Brady v. Calyon Sec. (USA),* 406 F. Supp. 2d 307 (S.D.N.Y. 2005) .............................................. 5

*Citigroup Glob. Mkts Inc. v. Abbar*, 761 F.3d 268 (2d Cir. 2014) ................................................. 6

*Gary Friedrich Enters., L.L.C. v. Marvel Enters., Inc.*, No. 08 Civ. 1533(BSJ)(JCF), 2011 WL 1142916 (S.D.N.Y. Mar. 22, 2011) .............................................. 7

*Gurfein v. Ameritrade, Inc.*, 312 F. App'x 410 (2d Cir. 2009) ......................................................... 6

*Landis v. North Am. Co.*, 299 U.S. 248 (1936) ............................................................................... 5

*Lobaito v. FINRA*, No. 13 CIV. 6011 GBD HBP, 2014 WL 4470423 (S.D.N.Y. Sept. 9, 2014) ................................................................................................................................ 5

*Ruiz v. New Avon L.L.C.*, 18-CV-9033 (VSB), 2019 WL 4601847 (S.D.N.Y. Sept. 22, 2019) ............................................................................................................................. 7

*SSH Co., Ltd. v. Shearson Lehman Bros., Inc.,* 678 F. Supp. 1055 (S.D.N.Y. 1987) ................................................................................................................................... 5

**State Cases**

*Greenfield v. Philles Records*, 780 N.E.2d 166, 98 N.Y.2d 562 (2002) ......................................... 3

**Rules**

FED. R. CIV. P. 13(a) ........................................................................................................................ 5

Plaintiff New York Bay Capital, LLC ("NYBAY"), by and through its counsel, files this Reply Memorandum of Law in further support of its motion to stay Defendant Cobalt Holdings, Inc. ("Cobalt")'s FINRA arbitration entitled *Gignet, Inc. v. Young America Capital, LLC and Julio Alfonso Marquez*, Arbitration No. 20-00308 (the "FINRA Arbitration") and in opposition to Cobalt's motion to compel arbitration of the claims in this case before FINRA and stay this prior pending action (the "SDNY Action") in favor of the subsequently filed FINRA Arbitration.

## PRELIMINARY STATEMENT

There are three separate and independent threshold, immutable facts that are dispositive of the present applications. First, both the SDNY Action and the FINRA Arbitration emanate from the same services rendered pursuant to the same Advisory Contract.[1] Second, Cobalt and NYBAY are the only signatories of that contract, not Mr. Julio A. Marquez or Young America Capital LLC ("YAC"). Third, the Advisory Contract contains an exclusive and mandatory Forum Selection Clause, bolstered by a Merger Clause, which makes it clear that Cobalt and NYBAY agreed to submit "any action, suit or proceeding arising out of or relating to this Engagement or any of the transactions contemplated hereby" to this Court. These three factors, especially when weighed and considered as a whole, are determinative of the present applications, and there is no argument Cobalt has made, or can make, to refute them.

In fact, Cobalt does not and cannot challenge the unequivocal language of the Forum Selection Clause or Merger Clause, or contest the case law that extends such provisions to "closely related" parties or "inextricably linked" claims. Instead, Cobalt attempts to circumvent these clear provisions by arguing that this Court cannot stay the FINRA Arbitration because it

---

[1] Capitalized terms already defined in NYBAY's moving Memorandum of Law (the "Moving MOL") shall have the same meaning in this brief.

involves different parties. This argument rests on the erroneous premise that the caption of a proceeding is dispositive to a just and proper stay analysis. It is fundamental that courts look beyond the mere caption and the face of the stated claims to the underlying issues to determine whether they share common facts. Here, the facts of the SDNY Action and the FINRA Arbitration are substantively identical, irrespective of how Cobalt tries to style them, and indulges in the worst kind of exalting-of-form-over-substance exercise.

Cobalt also attempts in futility to redefine the nature of the transaction at question here by conclusively alleging that NYBAY is merely Mr. Marquez's alter ego without offering any factual support for its allegation. However, saying things are so, do not make them so. This amounts to no more than the mere making of unsupported, self-serving, conclusory claim. Further, such a claim has no legal effect on the applicability of the Forum Selection Clause here. Even if NYBAY were Mr. Marquez's alter ego, which it certainly is not, Cobalt still entered into an agreement that requires Cobalt to resolve disputes "arising out of or relating to this Engagement or any of the transactions contemplated hereby" in this Court and not in arbitration. The Second Circuit has plainly ruled that such agreements supersede FINRA's arbitration rules even with registered broker dealers.

Cobalt must honor the terms of its agreement to submit disputes "arising out of or relating to this Engagement or any of the transactions contemplated hereby" to this Court. Accordingly, this Court should stay the FINRA Arbitration and deny Cobalt's cross-motion to compel arbitration before FINRA and stay the SDNY Action.

**ARGUMENT**

I. **COBALT DOES NOT CHALLENGE THE CLEAR WORDING OF THE FORUM SELECTION CLAUSE WHICH REQUIRES THE PARTIES TO SUBMIT THEIR DISPUTES EXCLUSIVELY TO THIS COURT**

NYBAY previously argued that its agreement with Cobalt features a broad and clear Forum Selection Clause and Merger Clause, which requires the parties to submit "any action, suit or proceeding arising out of or relating to this Engagement or any of the transactions contemplated hereby" to this Court. *See* Moving MOL, Point II. Significantly, Cobalt does not argue this point. More specifically, it does not argue, nor can it in good faith, that the provisions are unclear or do not express the intent of the parties. Since there is no question about the meaning of the Forum Selection Clause, the Court must enforce its terms. *Greenfield v. Philles Records*, 780 N.E.2d 166, 98 N.Y.2d 562, 569 (2002) (internal citations omitted) ("a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms.").

II. **COBALT DOES NOT AND CANNOT ADDRESS CONTROLLING PRECEDENT THAT THE FORUM SELECTION CLAUSE MAY EXTEND TO PARTIES THAT ARE "CLOSELY RELATED" TO THE DISPUTE AND CLAIMS THAT ARE "INEXTRICABLY LINKED" TO THOSE PENDING BEFORE THIS COURT**

It is well-settled that a forum selection provision may extend to parties that are "closely related" to the dispute in question or to claims that are "inextricably linked" to the dispute, as is clearly the case here with both Mr. Marquez and YAC. NYBAY cited ample authority in support of this legal proposition. *See* Moving MOL, Points III and IV. Notably, Cobalt does not, nor can it in good faith, challenge the cited precedent in NYBAY's brief. Cobalt does not even attempt to distinguish the present case from any of the cases set forth in NYBAY's brief on these points.

Instead, Cobalt argues that the Mr. Marquez's U-4 Form contradicts NYBAY's "closely related" argument because the form states "NYBAY is not an affiliate of [YAC]." (ECF no. 54

3

pg. 4.) Cobalt's argument misses the point. The question is whether the parties bear a close relation *to the dispute* pending before this Court not necessarily the parties. There is no doubt that Mr. Marquez and YAC bear close relation to the SDNY Action, including being potentially material or relevant witnesses. Mr. Marquez is the managing partner of NYBAY who signed the Advisory Contract on NYBAY's behalf. He negotiated the terms of the agreement with Cobalt and provided services to Cobalt on behalf of NYBAY. The nature of those services are at issue in the SDNY Action. As for YAC, both Cobalt and NYBAY agreed that YAC would be the broker dealer of the Transaction if the parties required the services of one. As such, YAC was potential third-party beneficiary of the Advisory Contract. Ultimately, YAC's services were not required because the Transaction was a debt deal and, thus, involved no securities.

Tellingly, Cobalt completely ignores the authority cited in the Moving MOL, which holds that forum selection clauses extend to claims "inextricably linked" to or interwoven with the claims pending before this Court. *See id.*, Point III. Instead, Cobalt lists the different claims alleged in both actions and asserts that they are "clearly distinct." Again, Cobalt's argument misses the point. Of course, the causes of action are different. However, the claims derive from the same core facts as the SDNY Action. Cobalt itself concedes in its opposition brief, as it must, that "the claims in the FINRA Proceeding arise from NYBAY's" conduct. (ECF no. 54 pg. 8.) Cobalt cannot escape the fact that NYBAY's services under the Advisory Contract are at the heart of FINRA Arbitration as well as the SDNY Action.

**III.     NEITHER IDENTICAL PARTIES NOR IDENTICAL CLAIMS ARE REQUIRED FOR THIS COURT TO STAY THE FINRA ARBITRATION**

Cobalt's argument that the parties and claims of the SDNY Action and FINRA Arbitration are not identical is misplaced. The United States Supreme Court specifically rejected this very notion that literal symmetry in parties and claims should be required to stay another

4

proceeding. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936) (the Court is "unable to assent to the suggestion that before proceedings in one suit may be stayed to abide the proceedings in another, the parties to the two causes must be shown to be the same and the issues identical.").

Thus, courts must look beyond the form to the substance of the proceedings in determining whether a stay order is appropriate. To suggest otherwise would mean that a defendant could duplicate substantively identical actions simply by changing a caption or asserting related counterclaims in a separate proceeding.

Cobalt's central claim in the FINRA Arbitration is fraud, or sounding in fraud, in conjunction with the Advisory Contract. More specifically, it argues that "but for Marquez's licensure and experience in the investment banking world, NYBAY would not have been able to induce Cobalt into signing the [Advisory Contract]." (ECF no. 54 pg. 14.) This is clearly a compulsory counterclaim under Rule 13(a) of the Federal Rules of Civil Procedure because it "arises out of the transaction or occurrence that is the subject matter of [NYBAY's] claim" – i.e., the Advisory Contract and the services NYBAY provided pursuant to that agreement.

Cobalt's other claims against Mr. Marquez for violations of various FINRA Rules also arise "out of the transaction or occurrence that is the subject matter of [NYBAY's] claim." *Id*. This Court should not give these claims much consideration though because Cobalt does not have standing to raise them as it is well-established that violations of the rules promulgated by self-regulatory organizations, such as FINRA, do not create a private right of action. *See, e.g.*, *Lobaito v. FINRA*, No. 13 CIV. 6011 GBD HBP, 2014 WL 4470423, at *9 (S.D.N.Y. Sept. 9, 2014); *Brady v. Calyon Sec. (USA)*, 406 F. Supp. 2d 307, 312 (S.D.N.Y. 2005) ("While defendants may be subject to the rules and by-laws of NYSE and NASD, the rules of NYSE and NASD do not confer a private right of action."); *SSH Co., Ltd. v. Shearson Lehman Bros.*,

*Inc.*, 678 F. Supp. 1055, 1058 (S.D.N.Y. 1987) ("[T]he [NYSE and NASD] rules contain no express provisions for civil liability and the courts in this circuit have refused to imply a private right of action to enforce these rules."); *see also Gurfein v. Ameritrade, Inc.*, 312 F. App'x 410, 414 (2d Cir. 2009) (holding that plaintiffs cannot create a private right of action for a violation of FINRA rules by styling their claim as a breach of contract).

Cobalt's claims against YAC do not render the SDNY Action and FINRA Arbitration distinct as they derive from Cobalt's claims against Mr. Marquez. Therefore, if Cobalt's fraud claims against Mr. Marquez fail, which they must, then its claims against YAC must also fail.

**IV.   COBALT WAS NOT A "CUSTOMER" OF MR. MARQUEZ WITHIN THE MEANING OF FINRA'S RULES BUT EVEN IF IT WERE, THE FORUM SELECTION CLAUSE STILL APPLIES**

Cobalt argues in self-serving, conclusory fashion that arbitration is required under FINRA Rule 12200 because "Cobalt was a public customer of Marquez." (ECF no. 54 pg. 9.) This argument fails because Cobalt was not a customer of Mr. Marquez and even if it were, the superseding Advisory Contract requires exclusively a judicial action, not arbitration.

The Second Circuit defines "a 'customer' under FINRA Rule 12200 [as] one who, while not a broker or dealer, either (1) purchases a good or service from a FINRA member, or (2) has an account with a FINRA member." *Citigroup Glob. Mkts Inc. v. Abbar*, 761 F.3d 268, 275 (2d Cir. 2014). Cobalt did not purchase any goods or services from Mr. Marquez or maintain an account with Mr. Marquez. Cobalt's business relationship was with NYBAY, not Mr. Marquez. Cobalt's contract was with NYBAY, not Mr. Marquez. Cobalt paid a retainer to NYBAY, not Mr. Marquez.

The fact that Cobalt had no business dealings with Mr. Marquez in his individual capacity is indisputable. Cobalt tries to circumvent this seemingly insurmountable fact by the unsupported assertion "that NYBAY operated as the alter ego of Marquez." (ECF no. 54 pg. 13.)

Cobalt offers no factual support for this allegation, which is fatal to its argument. *See Gary Friedrich Enters., L.L.C. v. Marvel Enters., Inc.*, No. 08 Civ. 1533(BSJ)(JCF), 2011 WL 1142916, at *6 (S.D.N.Y. Mar. 22, 2011) ("conclusory allegations of control" are insufficient to plead alter ego liability).

More importantly, Cobalt's alter ego argument does not invalidate the Advisory Contract or its Forum Selection Clause. Even if Mr. Marquez entered into the Advisory Contract with Cobalt in his individual capacity, the courts in this Circuit continue to honor the Second Circuit's holding that exclusive mandatory forum selection clause supersedes FINRA Rule 12200 arbitration, even post FINRA Notice 16-25. *See Ruiz v. New Avon L.L.C.*, 18-CV-9033 (VSB), 2019 WL 4601847 (S.D.N.Y. Sept. 22, 2019).

## V. FINRA RULES ARE INAPPLICABLE HERE IN ANY EVENT BECAUSE NYBAY DID NOT PROVIDE INVESTMENT BANKING SERVICES

The FINRA Rules do not apply here in any event because NYBAY did not provide Cobalt "Investment Banking Services." The services FINRA regulates are set forth in Rule 2241, which Cobalt accurately sets forth on pages 2-3 of its opposition brief. NYBAY did not provide any such services to Cobalt. Conspicuously absent from Cobalt's brief is a description of any specific Investment Banking Service NYBAY allegedly performed for it.

Instead, Cobalt argues that NYBAY's description of its agreement with Cobalt in the Complaint as an "Investment Banking Contract" somehow means that it, in fact, provided Investment Banking Services to Cobalt. This argument has no underlying merit. NYBAY acted as a financial advisor to Cobalt, not an investment banker. In fact, the words "investment bank" and "investment banker" are not mentioned anywhere in the Advisory Contract. Additionally, the Advisory Contract explicitly states on the first page that NYBAY "is neither a law firm nor an accounting/tax firm nor a broker-dealer" and that "[s]hould [Cobalt] require a U.S. broker-dealer,

NYBAY will refer [Cobalt] to [YAC]." Ultimately, Cobalt did not require a broker dealer because the Transaction, which closed with Credit Suisse now approaching two years, in May 2018, was a pure debt deal involving no securities.

## VI. THERE IS NO LEGITIMATE BASIS FOR COBALT TO COMPEL NYBAY TO ARBITRATE ITS CLAIMS AGAINST NYBAY

Cobalt's argument to compel NYBAY to arbitrate its claims against Cobalt before FINRA is entirely meritless. First, NYBAY and Cobalt do not have an agreement to arbitrate between themselves. They agreed to submit their disputes to this Court. Second, as already addressed above, Cobalt's argument that NYBAY is Mr. Marquez's alter ego is legally insufficient.

## CONCLUSION

For the reasons and upon the authorities set forth above, and in NYBAY's principal moving papers (ECF nos. 49, 50, 52), the Court should grant NYBAY's motion to stay FINRA Arbitration, and deny Cobalt's cross motion to compel arbitration together with such other and further relief as is just and proper.

Dated: New York, New York
April 10, 2020

DUANE MORRIS LLP

By: _s/ Evangelos Michailidis_
Evangelos Michailidis
1540 Broadway
New York, New York 10036-4086
T: (212) 692-1000
F: (212) 202-4931
emichailidis@duanemorris.com

8

                    CECCARELLI LAW FIRM PLLC

                    By:  *s/Joseph J. Ceccarelli*
                          Joseph J. Ceccarelli
                    48 Wall Street
                    New York, New York 10005-2903
                    T: (212) 889-3675
                    jceccarelli@ceccarellilaw.com

                    *Attorneys for Plaintiff New York Bay Capital, LLC*