USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
NEW YORK BAY CAPITAL, LLC,  :
                                            Plaintiff, :
                                                    :
                -against-  :   1:19-cv-3618-GHW
                                                    :
COBALT HOLDINGS, INC.,  :   MEMORANDUM OPINION
                                            Defendant. :   AND ORDER
------------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      Plaintiff New York Bay Capital, LLC ("NYBAY") sued Cobalt Holdings, Inc. ("Cobalt") for breach of a contract executed by the parties. The parties' contract includes a forum-selection clause that requires the parties to litigate any disputes about it in the Southern District of New York. About eight months after NYBAY began this lawsuit, Cobalt sought to bring claims arising out of the contract in an arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA"). NYBAY moved to enjoin the FINRA arbitration proceeding. The Court granted that motion in a prior opinion.

      Cobalt now moves to amend its answer to assert the third-party claims it sought to bring before FINRA—and an unrelated counterclaim against NYBAY and two additional affirmative defenses—in this action. Cobalt's motion is untimely because it was filed after the deadline the Court established in its scheduling order under Federal Rule of Civil Procedure 16. The Court's prior decision enjoining Cobalt from proceeding before FINRA is good cause to permit Cobalt to file its third-party complaint after the deadline to implead third parties, so Cobalt's motion is GRANTED as to the third-party complaint. But there is no similarly persuasive justification for the Court to permit Cobalt to file its new counterclaim and affirmative defenses well after the deadline to do so. So Cobalt's motion to amend is DENIED as to its counterclaim and affirmative defenses.

**I. BACKGROUND**

The Court detailed the facts and procedural history of this case in *New York Bay Capital, LLC v. Cobalt Holdings, Inc.* (*Cobalt I*), No. 19-cv-3618 (GHW), 2020 WL 1989485, at *1-4 (S.D.N.Y. Apr. 27, 2020). Briefly, Cobalt signed a contract (the "Contract") with NYBAY for NYBAY's investment banking services. *Id.* at *1-3. The Contract has a forum-selection clause in which both parties agreed to

> irrevocably submit[] to the exclusive jurisdiction of the United States District Court for the Southern District of New York any action, suit or proceeding arising out of or relating to this Engagement or any of the transactions contemplated hereby, and agrees that any such action, suit or proceeding shall be brought only in such court.

*Id.* at *2 (quoting Contract, Ex. 1 to Declaration of Evangelos Michailidis ("Michailidis Decl."), Dkt No. 50-1, at 4 § 7).

NYBAY sued Cobalt in April 2019, alleging breach of the Contract. *Id.* at *4. The Court entered a Case Management Plan ("CMP") in October 2019. Dkt No. 29. The Case Management Plan stated

> [e]xcept for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules . . ., amended pleadings may not be filed and additional parties may not be join[]ed except with leave of the Court. Any motion to amend or join additional parties shall be filed within thirty (30) days from the date of this Order.

*Id.* ¶ 4 (emphasis omitted).

About eight months after this case began, Cobalt began an arbitration proceeding before FINRA (the "FINRA Arbitration") against Julio Marquez and Young America Capital LLC ("YAC"). *Cobalt I*, 2020 WL 19894585, at *4. Marquez executed the Contract as "Managing Partner" on behalf of NYBAY. *Id.* at *2. YAC is a United States broker-dealer. *Id.* The Contract states that NYBAY will refer Cobalt to YAC if Cobalt needs the services of a United States broker-dealer. *Id.*

NYBAY moved to enjoin the FINRA Arbitration as barred by the forum-selection clause. *Id.* at *4. The Court granted that motion in *Cobalt I*. The Court held that the forum-selection clause was broad enough to cover the FINRA Arbitration. *Id.* at *5-6. Cobalt argued that if the Court precluded it from arbitrating before FINRA, it would have "no forum" in which to bring its third-party claims against Marquez and YAC. *Id.* at *7. But the Court rejected that argument: "Cobalt has a forum in which to bring its claims against Marquez and YAC because, pursuant to the forum-selection clause in the Contract, it can bring them in this Court." *Id.* So the Court enjoined the FINRA Arbitration.

Cobalt has now moved to amend its answer to assert third-party claims against Marquez and YAC, a counterclaim against NYBAY, and two more affirmative defenses. Dkt Nos. 68-70. Cobalt seeks to assert claims against Marquez for violating section 10(b) of the Exchange Act and Rule 10b-5 and violation of FINRA rules. *See* Proposed Amended Answer, Affirmative Defenses, Counterclaim and Third-Party Complaint, Dkt No. 69-1, ¶¶ 40-50. Cobalt also seeks to assert claims against YAC for control person liability and failure to supervise Marquez. *Id.* ¶¶ 51-60. And Cobalt seeks to assert a counterclaim for fraud against NYBAY and to add affirmative defenses that the Contract is an "illegal contract" and it is "void as against public policy." *Id.* at 13; ¶¶ 34-39. NYBAY opposed the motion, Dkt No. 71, and Cobalt replied, Dkt No. 75.

## II. DISCUSSION

### A. Third-Party Claims

#### 1. Legal Standard

Federal Rule of Civil Procedure 14(a) "permits a defending party to implead a person not a party to the action who is or may be liable to the defending party for any part of the plaintiff's claims." *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y. 2004). "The defendant must obtain leave of court to commence a third-party action more than fourteen days after serving

its answer." *Campbell v. Mercury Cas. Co.*, No. 17-cv-0618 (SJF) (ARL), 2018 WL 3135850, at *2 (E.D.N.Y. June 26, 2018) (citing Fed. R. Civ. P. 14(a)(1)). "The underlying principle behind impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate circuitous, duplicative actions." *Nova Prods., Inc.*, 220 F.R.D. at 240 (quotation and citation omitted).

"Motions to implead non-parties should be freely granted to promote efficiency unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Campbell*, 2018 WL 3135850, at *2 (quotation and citation omitted); *see also Shafarman v. Ryder Truck Rental, Inc.*, 100 F.R.D. 454, 459 (S.D.N.Y. 1984). "Relevant factors in determining whether to grant leave to implead include: (i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the [defendant or the] third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted." *Nova Prods., Inc.*, 220 F.R.D. at 240. (citation omitted).

After a court has entered a case management plan, a party requesting leave to implead a third party must show "good cause." *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may by modified for good cause and with the judge's consent."). Rule 16's good cause standard applies to motions to implead if the case management order sets a deadline for such motions. *See, e.g.*, *Netherlands Ins. Co. v. MD Plumbing & Heating, LLC*, No. 09-cv-1881 (MRK), 2011 WL 832555, at *1 (D. Conn. Mar. 3, 2011). Still, "[t]he decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion." *Nova Prods., Inc.*, 220 F.R.D. at 240 (citing *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984)).

### 2. Application

The Court will permit Cobalt to file its third-party claims against Marquez and YAC. Cobalt's motion comes after the deadline for motions to join additional parties in the case management plan, so Cobalt must satisfy Rule 16's good cause standard. *See* CMP ¶ 4. But the Court prevented Cobalt from pursuing those claims before FINRA in *Cobalt I*. It would be unfair to deprive Cobalt of the opportunity to pursue those claims here. That is good cause to permit Cobalt to file those claims in this case.

The "[r]elevant factors" that guide the Court's exercise of its discretion also support this conclusion. *Nova Prods., Inc.*, 220 F.R.D. at 240 (citation omitted). There is no evidence that Cobalt "deliberately delayed" or was "derelict" in asserting its third-party claims against Marquez and YAC. *Id.* True, the Case Management Plan entered by the Court in October 2019 required "any motion to . . . join parties" to be filed by November 24, 2019. CMP ¶ 4. But *Cobalt I*'s holding that Cobalt cannot pursue its claim before FINRA is good cause to grant an exception to that deadline. NYBAY argues, in essence, that Cobalt should have anticipated the Court's holding in *Cobalt I* that its claims could not proceed before FINRA. But while *Cobalt I* depended on the unambiguous language of the forum-selection clause, it was not wholly unreasonable for Cobalt to believe that it could litigate different claims against different parties before FINRA. So this factor supports permitting Cobalt to file its third-party claims.

There is also no evidence that permitting Cobalt to file its motion would "unduly delay" this lawsuit. *Nova Prods., Inc.*, 220 F.R.D. at 240 (citation omitted). Granted, permitting Cobalt to file third-party claims will likely delay the resolution of this action. But given the circumstances, the delay is not "undu[e]." *Id.* The third-party claims will require examination of many of the same facts as the existing case. The Court thus expects that there will be substantial synergies from considering the third-party claims in this case.

And the third-party complaint would not unduly prejudice NYBAY.  NYBAY argues that Cobalt is trying to file the third-party complaint to harass NYBAY by harming YAC, "one of NYBAY'S most valued business relationships."  Memorandum of Law in Opposition to Motion ("Opp."), Dkt No. 71 at 10.  But Cobalt may have meritorious claims against Marquez and YAC.  Any prejudice to NYBAY is outweighed by the "strong preference for resolving disputes on the merits."  *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011) (quotation and citation omitted).

NYBAY also argues that the motion should be denied because the third-party claims are futile.  But the Court will exercise its discretion to permit Cobalt to file the third-party complaint and adjudicate the sufficiency of the pleading through a motion to dismiss the third-party complaint.  Most importantly, as NYBAY acknowledges "Marquez and YAC will likely move to dismiss" the third-party complaint.  Opp. at 9.  The Court will benefit from the arguments of Marquez's and YAC's counsel about whether the third-party complaint adequately pleads its claims for relief.  And the parties' briefing on the sufficiency of the proposed third-party complaint is not robust.  That fortifies the Court's conclusion that the better course is to defer resolution of the sufficiency of the third-party complaint to a motion to dismiss, on which the Court can receive full briefing.  The Court will thus permit Cobalt to file its third-party complaint.

### B. Counterclaim and Affirmative Defenses

#### 1. Legal Standard

Under the Federal Rules of Civil Procedure, a party may amend a pleading once as a matter of right within 21 days of serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(B).  After that point, absent written consent from the opposing party, leave to amend must be obtained from the district court.

Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that courts "should freely give leave when justice so requires." "Reasons for a proper denial of leave to amend include undue delay, bad faith, futility of amendment, and perhaps most important, the resulting prejudice to the opposing party." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (citation omitted); *see also id.* ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith.").

Proposed amendments are futile if they "fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012). On a motion for leave to amend, "the Court must accept the moving party's non-conclusory factual pleadings and draw all reasonable inferences in that party's favor, 'to determine whether the allegations plausibly give rise to an entitlement to relief.'" *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 60 (E.D.N.Y. 2014) (quoting *Panther Partners*, 681 F.3d at 119).

The bar on a motion for leave to amend is higher after the Court has entered a case management order. When "the court has already entered a scheduling order in the case, a party requesting leave to amend must satisfy the 'good cause' standard set forth in Rule 16(b)." *Cummins, Inc. v. New York Life Ins.*, No. 10-cv-9252 (TPG), 2012 WL 3870308, at *3 (S.D.N.Y. Sept. 6, 2012); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[We hold] that despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."). The purpose of Rule 16(b) is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker*, 204 F.3d at 340 (quotation and citation omitted).

"[T]he primary consideration" to determine whether good cause exists "is whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d

7

Cir. 2007). But diligence is not the only consideration. "The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice [the opposing party]." *Id.* The Second Circuit has also clarified that if a party presents an affirmative defense "beyond the normal time limits of the Rules" and it is "opposed by opposition to a Rule 15(a) motion[,] . . . prejudice may be considered and, in some cases, may be determinative[.]" *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 99 (2d Cir. 2019). Likewise, for a counterclaim, "the risk of substantial prejudice increases with the passage of time." *Id.* (quotation and citation omitted).

### 2. Application

The Court will not permit Cobalt to add its proposed counterclaim and affirmative defenses. In the Case Management Plan entered by the Court in October 2019, "any motion to . . . amend pleadings" was due November 24, 2019. CMP ¶ 4. Thus, Cobalt must show good cause.

It has not done so. Unlike Cobalt's third-party claims, there is nothing in *Cobalt I* that affected Cobalt's ability to bring its counterclaims and affirmative defenses timely. Indeed, Cobalt did not seek to assert claims against NYBAY in the FINRA Arbitration. There was thus no reason that Cobalt could not have asserted its counterclaim and affirmative defenses earlier. For that reason, the counterclaim and affirmative defenses are unduly delayed. Also relevant, Cobalt did not request leave to file a counterclaim or other affirmative defenses in its pre-motion letter or raise the issue during the Court's pre-motion conference. Dkt Nos. 67, 76. So Cobalt's request is procedurally improper. It would be unduly prejudicial to NYBAY to permit Cobalt to add this counterclaim and these defenses, long after the deadline and in an improper fashion. Cobalt has thus failed to satisfy Rule 16's good cause standard.

### III. CONCLUSION

Cobalt's motion to amend is GRANTED in part and DENIED in part. Cobalt may file an amended answer with its third-party complaint. But Cobalt may not file its novel counterclaim and affirmative defenses.

The Clerk of Court is directed to terminate at Dkt No. 68.

SO ORDERED.

Dated: June 12, 2020

_____
GREGORY H. WOODS
United States District Judge